UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

**ALEXANDRA BALDWIN,** Plaintiff,

v.

**MERCURY BROADBAND, LLC,** Defendant.

**Case No. 4:26-cv-10728**

**FIRST AMENDED COMPLAINT FOR DECLARATORY JUDGMENT**
**[JURY TRIAL DEMANDED]**

Plaintiff, **ALEXANDRA BALDWIN**, appearing pro se, brings this First Amended Complaint pursuant to **Fed. R. Civ. P. 15(a)(1)** and the **Declaratory Judgment Act, 28 U.S.C. § 2201**, and alleges:

**I. NATURE OF THE ACTION**

1. This is a civil action seeking a judicial declaration that the Defendant's service agreement is void ab initio due to **Fraudulent Inducement** and that Defendant has **waived** its right to arbitration through its refusal to engage in the process.

**II. DEFENDANT'S PRIOR MATERIAL BREACH**

2. Plaintiff has aggressively sought to initiate arbitration pursuant to Defendant's Terms of Service for over thirty (30) days.

3. Defendant has willfully refused to provide a forum or engage in the arbitration process. Consequently, Defendant has breached the arbitration agreement and waived its right to compel such proceedings.

**III. FACTUAL ALLEGATIONS: SYSTEMIC INFRASTRUCTURE FRAUD**

4. **The Misrepresentation:** Defendant marketed and sold "Residential Fiber-to-the-Premises (FTTP) Gigabit" service.

5. **The FCC Disparity:** While Defendant is capable of deploying and properly certifying FTTP (e.g., in Bridgewater / Saline, MI), it has knowingly misreported Plaintiff's location in St. Clair County as receiving strictly **"LBR Wireless."**

6. **Failed Engineering Mitigation:** Over a six-month period, Defendant's Engineering and NOC

department's more notorious failed attempts, to mitigate these issues including Static Public IPv4 assignment, Network Gateway redirection, and a tier-bump to "2Gig" service. These unilateral attempts not only failed but exacerbated the service instability, proving that a functional infrastructure solution does not exist at this location.

7. **Empirical Evidence:** Forensic data from Plaintiff's residential security hardware (showing "perfect" RSSI signals as high as -28 coupled with zero data throughput) confirms the service is an insolvent facade used to anchor federal RDOF subsidies.

8. **Pattern of Default:** This matter shares common questions of fact with **Casares v. Mercury Wireless, Inc.**, Case No. 2:22-cv-10257 (E.D. Mich.), identifying a consistent pattern of infrastructure misrepresentation.


## IV. NECESSITY OF RELOCATION

9. **Sole Provider Status:** Defendant is the **exclusive** provider of high-speed broadband at Plaintiff's residence.

10. **Exhaustion of Remedies:** Given Defendant's failed engineering interventions and the non-existence of alternative providers, the residence is rendered uninhabitable for Plaintiff's essential needs. **Total residential relocation** is the only remaining viable mitigation strategy.


## V. PRAYER FOR RELIEF
**WHEREFORE**, Plaintiff requests that this Court:

- **A.** Declare the Terms of Service void and unenforceable due to **Fraud in the Inducement**;

- **B.** Declare that Defendant has waived its right to compel arbitration;

- **C.** Declare that Plaintiff is entitled to seek **$350,000.00** in relocation mitigation costs, free from contractual liability caps.

Respectfully submitted,
<u>/s/ Alexandra Baldwin</u>

734-740-2771
3951 Wadhams Rd.
Clyde, MI 48049